IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PETER MENDEZ YSASI,**

      **Petitioner,**

  vs.

                                    **Civ. No. 13-654 JCH/ACT**

**ERASMO BRAVO, Warden, and
GARY K. KING, NEW MEXICO
ATTORNEY GENERAL,**

      **Respondents.**

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition by United States Magistrate Judge Alan C. Torgerson, filed January 22, 2014. [Doc. 13.] On January 29, 2014, Petitioner filed Objections. [Doc. 14.] Respondents did not file any objections. A response to Petitioner's Objections is not necessary.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made.

### PROCEDURAL BACKGROUND

Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Sentence and Commitment to the New Mexico Department of Corrections, filed March 6, 2012, in the Second Judicial District Court, Bernalillo County, Cause No. CR-2009-5452. [Doc. 8 at 2, ¶ 1.]

On February 15, 2011, Petitioner executed a Repeat Offender Plan and Disposition Agreement, by which he pled no contest to:

| | |
|---|---|
| Count 1: | Aggravated assault upon a peace officer (deadly weapon) (firearm enhancement); |
| Count 2: | Aggravated assault upon a peace officer (deadly weapon) |
| Count 3: | Possession of a firearm/destructive device by a felon; |
| Count 4: | Aggravated fleeing a law enforcement officer; |
| Count 5: | Leaving the scene of an accident (attended vehicle); and |
| Count 6: | Leaving the scene of an accident (attended vehicle). |

The charges stemmed from Petitioner's pointing a weapon at law enforcement officers during a traffic stop, and subsequent flight from the scene. [Doc. 8 at 2, ¶ 2.]

A sentencing hearing was held on February 29, 2012.[1] [Doc. 8 at 2, ¶ 3.] On March 6, 2012, a Judgment, Sentence and Commitment was entered and Petitioner was sentenced to a total term of imprisonment of 11.5 years. [Id.]

On May 16, 2012, Petitioner filed a Motion to Withdraw Plea Agreement, arguing that (1) the plea agreement was entered "without knowing, and or understanding the ramavaction [sic] of the nature of pleaing [sic] to the charges"; (2) counsel had misrepresented the evidence against him; and (3) had counsel not performed inadequately, the matter would have been dismissed. [Doc. 8 at 2, ¶ 4.]   On May 16, 2012, Petitioner's motion was summarily dismissed. [Id. at 3, ¶ 5.]

On May 31, 2012, Petitioner filed a Motion for Reconsideration, arguing that his sentence was too extensive and that he did not fully understand the plea and sentencing. [Doc. 8 at 3, ¶ 6.] On May 31, 2012, Petitioner's motion was denied. [Id.]

---

[1] Petitioner's sentencing hearing was postponed pending his completion of the Delancey Street Foundation Program. [Doc. 8 at 2, ¶ 3.]

2

On December 21, 2012, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in state court, arguing (1) ineffective assistance of counsel; and (2) double jeopardy because he was charged with and pled guilty to two counts of aggravated assault on a peace officer when only one officer approached his car.   [Doc. 8 at 3, ¶ 7; Doc. 8-2 at 11.] Petitioner claims he should have pled guilty to only one charge of aggravated assault on a peace officer. [Doc. 8-2 at 12.]   On February 8, 2013, State District Judge Charles Brown dismissed the habeas petition, having determined that Petitioner was not entitled to relief as a matter of law. [Doc. 8 at 3, ¶ 8.]

On March 8, 2013, Petitioner filed a Petition for Writ of Certiorari with the New Mexico Supreme Court, arguing (1) ineffective assistance of counsel; and (2) double jeopardy because he was charged with and pled guilty to two counts of aggravated assault on a peace officer and is "actually innocent of *both* counts."   [Doc. 8 at 3, ¶ 9; Doc. 8-2 at 3.] (Emphasis added.)

On March 29, 2013, the New Mexico Supreme Court entered an Order limiting Respondents' Response to addressing Petitioner's ineffective assistance of counsel issue. [Doc. 8-2 at 14.] On April 25, 2013, Respondents filed a Response. [Doc. 8-2 at 15.]

On May 20, 2013, the New Mexico Supreme Court denied Petitioner's Petition.   [Doc. 8-2 at 38.]

On May 28, 2013, Petitioner filed a Motion for Rehearing with the New Mexico Supreme Court arguing ineffective assistance of counsel. [Doc. 8-2 at 41.] The Petitioner also presented a "certified question" asking "[u]nder which New Mexico law [he could] be legally charged for felon with possession of a firearm, when [he] was not arrested with a firearm." [Doc. 8-2 at 41.] On June 13, 2013, Petitioner's Motion for Rehearing was denied. [Doc. 8-2 at 44.]

Petitioner filed this federal Application for Writ of Habeas Corpus on July 15, 2013, raising the following two issues: (1) ineffective assistance of counsel; and (2) "[u]nder which

3

New Mexico law can [Petitioner] be legally charged for felon in possession of a firearm when [Petitioner] was not arrested with a firearm in possession"? [Doc. 1 at 5, 10.]

The Respondents do not contest or dispute that Petitioner has exhausted his available state-court remedies as to the issue of ineffective assistance of counsel. [Doc. 8 at 6.] The Respondents *do* contest that Petitioner has exhausted his available state-court remedies as to the second issue raised herein. [Id.]

On January 22, 2014, Magistrate Judge Alan C. Torgerson entered Proposed Findings and Recommended Disposition, recommending that Petitioner's Application for Writ of Habeas Corpus be dismissed without prejudice because Petitioner failed to exhaust all available state-court remedies with respect to his claim of innocence regarding possession of a firearm and pleading guilty to two counts of aggravated assault. [Doc. 13 at 5.] In his Objections, Petitioner requests this Court stay his Application and hold it in abeyance while he returns to state court to raise his unexhausted claims, as opposed to dismissing his Application without prejudice. [Doc. 14.]

## **DISCUSSION**

The Court has several options available to it when presented with a petition which contains both exhausted and unexhausted claims. The Court can:

> (1) dismiss the mixed petition in its entirety, *Rhines [v. Weber]*, 544 U.S. [269,] 272, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the Petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). As explained by the Supreme Court in *Rhines v. Weber*, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 279. It is *only* appropriate when the district court determines there was good

cause for the Petitioner's failure to exhaust his claims first in state court. *Id.* (Emphasis added.) "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Here, the Petitioner has offered no explanation as to why he failed to exhaust his claim of innocence regarding possession of a firearm and pleading guilty to two counts of aggravated assault. To the contrary, the record supports that Petitioner's claim in this regard is an evolving one; *i.e.,* he first argued he did not understand the terms of his plea agreement; he next argued he should have pled guilty to only one charge of aggravated assault; and he is currently arguing he is actually innocent of both counts of aggravated assault because he did not have a gun. As such, the record does not support a showing of good cause, and the evolution of Petitioner's argument further lends itself to questioning whether this claim is plainly meritless.

For these reasons, the Court finds that Petitioner has not shown good cause for his failure to exhaust his claims. Thus, staying the Petitioner's Application and holding it in abeyance while the Petitioner returns to state court to raise his unexhausted claims is not an appropriate option.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 13] are adopted; and

**IT IS FURTHER ORDERED** that Plaintiff's Application for Writ of Habeas Corpus [Doc. 1] is dismissed without prejudice.

_____
**JUDITH C. HERRERA**
**United States District Judge**